IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| WILLIAM KIMBLE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV841 |
| | ) | |
| TIMOTHY GOULD, | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.  The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2.  Plaintiff's claims are not clear, but it appears that he may be attempting to sue a state court prosecutor. However, prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). In addition, the Court notes that in support of his claims, Plaintiff cites to 42 U.S.C. §§ 16911(2)-(4) and 16915. Those statutes were recodified as 34 U.S.C. §§ 20911 and 20915, respectively. The first statute cited, § 20911(2)-(4), defines tier I, II, and III sex offenders. The second statute states that tier I offenders must comply with registration requirements for 15 years, tier II offenders for 25 years, and tier III offenders for life. However, under § 20915(b), the term for a tier I offender can be reduced to 10 years if a clean record is maintained for 10 years. It appears from the Complaint that Plaintiff believes that he is a tier I offender and was entitled to a reduction. However, even if those statutory provisions applied to Plaintiff, he claims to have kept a clean record for only 5 years, not the

required 10 years, and the reduced term would have been to 10 years, not 5 years. Thus, the nature and basis of Plaintiff's claims is not clear.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 31st day of October, 2018.

      /s/ Joi Elizabeth Peake
United States Magistrate Judge

2

Case 1:18-cv-00841-LCB-JEP   Document 2   Filed 10/31/18   Page 2 of 2